UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


JAMES EDWARD BROWN,

        Plaintiff,

        v.

Ms. E. ALEXANDER – DHO Officer,

        Defendant.

Civil File No. 08-4936 (DWF/JJG)

**REPORT AND RECOMMENDATION**


Plaintiff, a federal prisoner, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983 Bivens Action." (Docket No. 1.)  Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  By order dated August 20, 2008, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $13.33, as required by 28 U.S.C. § 1915(b)(1).  Plaintiff has now paid his initial partial filing fee, (Docket No. 4), so this case can now proceed.

The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

In November 2007, a correctional officer searched Plaintiff's quarters at the Federal Prison Camp in Duluth, Minnesota, where he was then confined.  The officer inspected a radio that Plaintiff had in his possession, and discovered a hidden card that gave Plaintiff unauthorized access to a cell phone.  Plaintiff was charged with violating prison rules, and a hearing on the charges was conducted by a Disciplinary Hearing Officer, ("DHO"), Defendant E. Alexander.

At the conclusion of the DHO hearing, Defendant Alexander found Plaintiff guilty, and imposed six disciplinary sanctions: (1) forfeiture of 41 days of vested good-time credit, (2) forfeiture of 140 days of unvested good-time credit, (3) 30 days of disciplinary segregation, (4) forfeiture of commissary and visitation privileges for one year, (5) forfeiture of telephone privileges for 18 months, and (6) transfer to a different prison.  Plaintiff was transferred out of the Federal Prison Camp in Duluth, and he is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota.  It appears that the rest of the sanctions imposed by Defendant Alexander have also been effected.

Several months after the DHO hearing, Plaintiff discovered that some of the sanctions imposed by Defendant Alexander were not listed in the final DHO report.  In June 2008, Plaintiff pointed out to the Bureau of Prisons, ("BOP"), that two of the six sanctions imposed by Defendant Alexander – (1) the forfeiture of 140 days of unvested good-time credit, and (2) 30 days of segregated confinement – were not included in the DHO report from his disciplinary hearing.  (See Complaint, Exhibit 2.)  BOP officials acknowledged this "discrepancy," (id., Exhibit 1), but Plaintiff was informed that there had simply been "an administrative error in the original report," (id., Exhibit 10).  DHO Alexander confirmed that

2

six disciplinary sanctions had, in fact, been imposed, and the DHO report was amended to show all six sanctions.  (Id.)

Plaintiff is now attempting to sue Defendant Alexander.  He alleges that:

"Ms. E. Alexander, DHO Officer at BOP Regional Office has Fraudulently altered my progress report, caused me to experience serious infractions and harsh sanctions directly affacting [sic] my liberty interests."

(Complaint, p. 3, § IV.)

Plaintiff is "appealing to the Court to correct this illegal action(s)," namely the alleged "fraudulent changes" to the DHO report, which confirmed the six sanctions imposed by Defendant Alexander.  (Id., p. 4, § V.)  He is also attempting to challenge the "original santcions [sic]."  (Id.)  Plaintiff is requesting a judgment against Defendant Alexander, which will, in his words, "compensate me for the damage that I have illegally received, i.e. mental stress, family hardships, erroneous loss of liberty, and continued harrassment [sic] and wrongly noted security status."  (Id.)

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his pleading must be screened pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act, ("PLRA"), requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The court must determine which aspects of the complaint are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed.  28 U.S.C. § 1915A(b)(1).

To state an actionable civil rights claims, as Plaintiff apparently is attempting to do

here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff has failed to plead an actionable civil rights claim, because his complaint does not describe how Defendant Alexander allegedly violated his federal constitutional rights.  Indeed, the complaint does not even mention the Constitution or any specific constitutional rights.

The Court notes that Plaintiff does allege that the disciplinary sanctions imposed by Defendant Alexander are "directly affacting [sic] my liberty interest."  Giving this allegation the benefit of liberal construction, it appears that Plaintiff might be claiming that Defendant Alexander violated his constitutional rights by imposing disciplinary sanctions, which deprived him of protected liberty interests, without the benefit of due process.  However, Plaintiff has not actually pleaded an actionable due process claim.

To state an actionable due process claim, Plaintiff would have to allege facts showing that he was deprived of some constitutionally protected liberty interest, without being afforded the procedural protections of due process.  <u>Ragan v. Lynch</u>, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake").  In prisoner cases, a constitutionally protected liberty interest will be found, and the protections of due process will therefore come into play, only when a prisoner has shown that he has suffered the type of unusual hardship or dramatic departure

4

from ordinary prison life that is contemplated in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

In <u>Sandin</u>, the Supreme Court held that a prisoner cannot sustain a due process claim unless he can show that he suffered an "atypical and significant hardship... in relation to the ordinary incidents of prison life." <u>Id</u>. at 484. Our Court of Appeals has interpreted <u>Sandin</u> to mean that prisoner due process rights are implicated only when there have been "deprivations which work such <u>major disruptions</u> in a prisoner's environment and life that they present <u>dramatic departures</u> from the basic conditions and ordinary incidents of prison sentences." <u>Moorman v. Thalacker</u>, 83 F.3d 970, 972 (8th Cir. 1996) (emphasis added.)

Plaintiff's current complaint does not state an actionable due process claim because there are no factual allegations suggesting that he has been subjected to the type of significant hardship that <u>Sandin</u> requires. The "hardships" alleged in the complaint involve (a) being assigned to a more restrictive prison facility, (b) being placed in segregated confinement, and (c) being deprived of certain prisoner privileges, (namely telephone privileges, visitation privileges and commissary privileges). While those sanctions have undoubtedly made Plaintiff's confinement more unpleasant, they clearly are <u>not</u> the kind of "atypical and significant hardship" contemplated by <u>Sandin</u>.

Federal courts have repeatedly recognized that unwanted prison transfers, segregated confinement, and lost privileges, are <u>normal and expectable experiences of prison life</u>, and they are <u>not</u> the kind of "atypical and significant hardship" that implicate constitutionally protected liberty interests. <u>Freitas v. Ault</u>, 109 F.3d 1335, 1337 (8th Cir. 1997) (prisoner had no constitutionally protected liberty interest in remaining in a less restrictive prison environment, and he therefore was not entitled to due process before being transferred to a more restrictive institution); <u>Callender v. Sioux City Residential</u>

5

Treatment Facility, 88 F.3d 666, 668-69 (8th Cir. 1996) (prisoner was not entitled to due process before being transferred from a work release facility to far more restrictive housing in a state reformatory); Moorman, 83 F.3d at 971 (due process not required before effecting prisoner's transfer from minimum security facility to maximum security facility); Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002) ("administrative and disciplinary segregation are not atypical and significant hardships under Sandin").  See also Olim v. Wakinekona, 461 U.S. 238, 250 (1983), (prison authorities "may transfer a prisoner 'for whatever reason or for no reason at all'"), quoting Meachum v. Fano, 427 U.S. 215, 228 (1976); Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam) ("[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976) (the privilege to participate in prison "rehabilitative programs" is not a liberty interest that is  "sufficient to invoke due process").

Because Plaintiff's prison transfer, his disciplinary confinement, and his loss of prison privileges do not constitute the kind of atypical and significant hardship that would implicate a protected liberty interest, he cannot maintain a due process claim based on those sanctions.

To the extent that Plaintiff is seeking relief for his loss of good-time credits, it is unnecessary to decide whether he suffered an actionable hardship, because any claim stemming from his loss of good-time credits is, in any event, barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who is challenging the validity of his conviction or the length of his sentence.  Id. at 481, citing Preiser v. Rodriguez, 411

U.S. 475, 488-90 (1973).  Thus, even when a prisoner-plaintiff demands only money damages, he cannot prosecute a civil rights claim that would effectively "call into question the lawfulness of [his] conviction or confinement."  Heck, 512 U.S. at 483; see also, Edwards v. Balisok, 520 U.S. 641 (1997); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Here, it is readily apparent that a judgment for Plaintiff on his good-time credit claims would necessarily imply that his sentence should be shortened.  Plaintiff obviously is seeking a judgment that would restore the good-time credits he has lost, and such a judgment would, in effect, expedite his release from prison.  According to Heck, however, the length of Plaintiff's sentence is a subject that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- presumably a habeas corpus proceeding brought under 28 U.S.C. § 2241 -- that his release date should be moved up.

Even if Plaintiff were seeking only money damages for his loss of good-time credits, he still could not bring a civil rights claim at this time, because any judgment in his favor on his due process/good-time credit claims would necessarily raise doubts about the validity of his current release date and the proper duration of his confinement.  See Sheldon, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"); see also, Edwards v. Balisok, supra.

In short, Plaintiff's civil rights claim based on his loss of good-time credits is premature at best.  He cannot maintain a civil lawsuit seeking relief for actions that have resulted in an extension of his imprisonment, without first demonstrating, in a habeas

corpus action, that his sentence was wrongly extended.  Because this pre-condition has not

been met, Plaintiff cannot seek relief here for the allegedly wrongful deprivation of his good-

time credits.[1]

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails

to state a cause of action on which relief can be granted.  Therefore, this case must be

summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave

to proceed in forma pauperis, (Docket No. 2), must be denied.  See 28 U.S.C. §

1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid

balance of the $350.00 filing fee.[2]  To date, he has paid only $13.33, so he still owes

$336.67 at this time.  Prison officials will have to deduct that amount from Plaintiff's

---

[1] The Court notes that Plaintiff has already filed a habeas corpus petition in this District, which challenges the loss of good-time credits described in his current civil complaint.  That habeas corpus case – Brown v. Rios, No. 08-4732 (DWF/JJG) – is currently pending before this Court.  If Plaintiff is granted the writ of habeas corpus that he is seeking in that case, he may then be eligible to pursue a civil rights claim against Defendant Alexander for wrongly depriving him of his good-time credits.  (Of course, if he is granted a writ of habeas corpus that restores his lost good-time credits, it might then be impossible to prove that he suffered any compensable injury from the merely temporary deprivation of those credits.)  On the other hand, if Plaintiff's pending habeas corpus petition is denied, he will then be precluded from ever suing Defendant Alexander for depriving him of his good-time credits.

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Lastly, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $336.67, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 24, 2008                 s/ Jeanne J. Graham
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 8, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.